UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN Z. TURK, | DOCKET NUMBER |
| Appellant, | CH-3443-20-0118-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 29, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Z. Turk, Eastlake, Ohio, pro se.

Amber Groghan, Esquire, Akron, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal on the grounds of adjudicatory efficiency. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and FORWARD the appellant's claims to the Central Regional Office for docketing as a petition for enforcement of the settlement agreement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

entered in *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-W-1.

## BACKGROUND

On January 26, 2018, the appellant filed an individual right of action appeal, *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-W-1, and, during the pendency of the appeal, the parties executed a settlement agreement. The administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal as settled. *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-W-1, Initial Decision at 2-3 (Apr. 24, 2018). The appellant filed a petition for review, alleging that he lost a job offer because an agency employee informed his prospective employer that he was terminated and forced to resign from the agency.[2] *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-W-1, Petition for Review (0186 PFR) File, Tab 1 at 4. The appellant also alleged that, because the settlement agreement contained a no-admission-of-fault provision, the Standard Form (SF) 50 documenting his resignation should specifically state that he voluntarily resigned.[3] *Id.*

Thereafter, the appellant applied for and was not selected for a position as a Medical Technologist with the agency at the Cleveland Veterans Affairs

---

[2] On May 23, 2018, the appellant filed a pleading that was docketed as a petition for enforcement of the initial decision in MSPB Docket No. CH-1221-18-0186-W-1. In a July 12, 2018 initial decision, an administrative judge dismissed the petition as withdrawn and forwarded the May 23, 2018 pleading to the Office of the Clerk of the Board for docketing as a petition for review of the initial decision in MSPB Docket No. CH-1221-28-0186-W-1. *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-C-1, Compliance Initial Decision (July 12, 2018).

[3] In a May 3, 2024 Final Order in *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-W-1, the Board denied the appellant's petition for review, affirmed the initial decision dismissing the appeal as settled, and forwarded the appellant's claim that the agency breached the settlement agreement to the regional office for docketing as a petition for enforcement, which is currently pending before an administrative judge in *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-C-2.

Medical Center. *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-20-0118-I-1, Initial Appeal File (0118 IAF), Tab 1 at 5. On December 9, 2019, the appellant filed the instant appeal challenging his nonselection. *Id.* The administrative judge explained that the Board generally lacks jurisdiction over nonselection appeals with certain limited exceptions and ordered the appellant to file evidence and argument regarding jurisdiction. 0118 IAF, Tab 4. In response, the appellant argued that his nonselection for the Medical Technologist position violated the settlement agreement that was filed with the Board in *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-W-1. 0118 IAF, Tab 9 at 4.

The administrative judge issued an initial decision that dismissed the appeal on the grounds of adjudicatory efficiency. 0118 IAF, Tab 11, Initial Decision (ID) at 4. Specifically, the administrative judge determined that the appellant raised in the instant appeal what is essentially the same argument as the one he raised in his petition for review in the prior appeal: the no-admission-of-fault provision in his settlement agreement obligated the agency to take *future* conduct not otherwise spelled out in that settlement agreement. ID at 4. The administrative judge also noted that the appellant made no argument that would bring this appeal within the Board's jurisdiction. ID at 4.

The appellant has filed a petition for review of the initial decision. 0118 PFR File, Tab 1. The agency responded in opposition, 0118 PFR File, Tab 4, to which the appellant replied, 0118 PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in dismissing the appeal based on adjudicatory efficiency.</u>

In his petition for review of the prior appeal, the appellant alleged that he lost a job offer because of statements made by an agency employee to a prospective employer and that the SF-50 documenting his resignation should specifically state that he resigned voluntarily. 0186 PFR File, Tab 1 at 4. In the

instant appeal, the appellant alleged that, because the settlement agreement contained a no-admission-of-fault provision, the agency should have granted him, at minimum, an interview for a Medical Technologist position for which he applied, even if it did not select him. 0118 IAF, Tab 1 at 5, Tab 9 at 4. The administrative judge stated that the allegations raised in the instant appeal were essentially the same as those raised in the petition for review in the prior appeal and determined that dismissal was appropriate on the grounds of adjudicatory efficiency. ID at 4.

When an appellant files an appeal that raises claims raised in a prior appeal after the initial decision in the prior appeal has been issued, but before the Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013). In other words, the Board will dismiss an appeal based on adjudicatory efficiency where an identity of issues exists and the controlling issues in the appeal will be determined in a prior appeal. *Id.*

Here, the claim raised in the petition for review in the prior appeal and the claim raised in the instant appeal lack the requisite identity of issues. The circumstances surrounding the appellant not being selected are different, the claims appear to involve different jobs and may even involve different employers, and the appellant makes different allegations in the instant appeal as to how the agency purportedly breached the settlement agreement. 0186 PFR, Tab 1 at 4; 0118 IAF, Tab 9 at 4. Thus, after a careful review of the record, we find that it was not appropriate for the administrative judge to dismiss the appeal on the grounds of adjudicatory efficiency. We, therefore, vacate the initial decision.

<u>The appellant's allegations regarding noncompliance with the settlement agreement in MSPB Docket No. CH-1221-18-0186-W-1 are forwarded for processing as a petition for enforcement.</u>

The appellant argues in the instant appeal that the agency's nonselection decision, among other things, was in breach of a settlement agreement that was

entered into the record in the prior appeal and which the Board has the authority to enforce. 0118 PFR File, Tab 1 at 4. In so doing, the appellant expressed an intent to file a petition for enforcement of the settlement agreement. When issues are raised concerning the interpretation of a settlement agreement that is enforceable by the Board and whether a party has breached the agreement, such claims are properly addressed in the first instance by the administrative judge via a petition for enforcement. *Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 8 (2010); 5 C.F.R. § 1201.182(a). Accordingly, while the appellant's assertions on his initial appeal form appeared to challenge directly a nonselection, we find that his arguments in subsequent pleadings are more properly interpreted as compliance claims. Thus, as set forth above, we vacate the initial decision. We also forward the appellant's claims to the regional office for processing as a petition for enforcement of the settlement agreement in *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-W-1.

In the compliance proceeding, the administrative judge shall provide the parties with appropriate notice regarding the burdens of proof and shall afford the parties an opportunity to fully develop the record.[4] To the extent that it would expedite the processing of the appellant's compliance claims without adversely affecting the parties, following docketing as MSPB Docket No. CH-1221-8-0186-C-3, the administrative judge may join MSPB Docket No. CH-1221-8-0186-C-3 with MSPB Docket No. CH-1221-18-0186-C-2. 5 C.F.R. § 1201.36(a)(2), (b).

---

[4] A party may breach a settlement agreement by acting in bad faith concerning a settlement term, and an appellant may establish that an agency breached the settlement agreement by showing that the agency's post-settlement harassment and retaliation against the appellant constituted bad-faith noncompliance with a term of the agreement. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 15 (2014). In considering the appellant's petition for enforcement, among other things, the administrative judge shall afford the appellant an opportunity to provide evidence and argument as to this issue.

**ORDER**

For the reasons discussed above, we forward the appellant's compliance claims to the regional office for docketing as a petition for enforcement of the settlement agreement in *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-W-1.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                _____
                                             Gina K. Grippando
                                             Clerk of the Board

Washington, D.C.